**Ansel LITTLEJOHN, Plaintiff–Appellant,**

v.

**CITY OF LOS ANGELES; et al., Defendants–Appellees.**

**No. 05–56600.**

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 27, 2007.

Ansel Littlejohn, Glendale, CA, pro se.

Janet G. Bogigian, Esq., Rockard J. Delgadillo, Esq., Los Angeles City Attorney's Office, Los Angeles, CA, Michael W. Brown, Esq., David K. Dorenfeld, Esq., Snyder Dorenfeld, LLP, Calabasas, CA, for Defendants–Appellees.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Ansel Littlejohn appeals pro se from the district court's judgment for defendants in

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

his 42 U.S.C. § 1983 action alleging that the city of Los Angeles, its police officers, and a private towing company, violated his rights under the constitution and California state law. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review summary judgment de novo, *White v. Roper*, 901 F.2d 1501, 1503 (9th Cir.1990), and we affirm.

The undisputed facts demonstrate that Littlejohn was stopped by Los Angeles county police officers for driving a car without license plates. When the officers determined that Littlejohn's car had been unregistered for eleven months and that he had no proof of financial responsibility, he was issued a citation listing the appropriate California Vehicle Code violations and his car was impounded. The charges were later dismissed because the officers failed to appear at the citation hearing, and the car was ordered to be released. The towing company did not release the vehicle, however, because Littlejohn failed to present proof of registration, which is required by state law prior to the release of an impounded vehicle.

We affirm summary judgment for the reasons cited in the magistrate judge's August 31, 2005 report and adopted by the district court in its order entered September 15, 2005. *See id.* (requiring a section 1983 claimant to show that a person or entity acting under color of state law deprived him of a federally protected right); *see also Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320, 1324 (9th Cir.1982) (no section 1983 liability on private towing company because the government has a "considerable interest in imposing the cost of removal [of a vehicle by towing] upon the vehicle owner and retaining possession

of the vehicle as a security for payment.") (internal quotation omitted).

**AFFIRMED.**